# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA KOSLOSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 3-10-0240 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| ALARA FRANKLIN CORP. and | ) | |
| RAM PARTNERS, LLC, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## AGREED CONSENT ORDER AND SETTLEMENT AGREEMENT

This action was instituted by Plaintiff Patricia Kosloski alleging violations of the Fair Housing Act of 1968 as amended, 42 USC § 3601 et seq.

This Consent Order and Settlement Agreement is entered into by the Plaintiff and by all Defendants. The Defendants have at all times denied the Plaintiff's claims of discrimination, and all parties recognize the ultimate result of this litigation cannot be predicted with certainty. Moreover, these parties recognize that continuation of the litigation would involve substantial additional cost.

WHEREAS, the parties, having carefully and amicably considered the issues of damages, costs, attorneys' fees and affirmative injunctive relief sought by the Plaintiffs, agree that such issues should be resolved without further litigation; and

WHEREAS, the Plaintiff acknowledges that the Defendants understand the need for and believe in a policy of nondiscrimination in housing and further acknowledge that the agreements herein are motivated by the desire of both the Plaintiff and the Defendants

to assure that the goal of nondiscrimination in the rental of housing is achieved; and

WHEREAS, by agreeing to this Consent Order and Settlement Agreement (hereinafter "Consent Order"), the Defendants do not admit to any fault, fact, or liability to the Plaintiff;

It is, therefore, mutually agreed between the Plaintiffs and the Defendant, subject to the approval of the Court, as follows:

## SECTION I
## GENERAL AGREEMENTS AND ORDER

BE IT ORDERED THAT

1. The Plaintiff will execute the Release in the form attached as Exhibit A to this Consent Order and incorporated by reference herein. That release shall be effective only upon approval of this Consent Order by the Court and payment of the amount set forth therein by Defendants. In addition, the Plaintiff, through Counsel, will dismiss with prejudice all claims against the Defendants in the form attached hereto as Exhibit B. Defendants' shall be relieved of all obligations of this Consent Order if Plaintiff fails or refuses to execute the Release.

2. Nothing contained in this Consent Order nor the facts of its negotiation or execution is deemed to be, nor shall it be construed or said to be, an admission by any of the Defendants of any fault or fact or any discrimination against the Plaintiff or any other person because of such person's disability or any other characteristic with respect to which housing discrimination is prohibited.

3. Defendant RAM Partners agrees to amend its policy regarding "On Site Transfers/During Occupancy," as set out on Page 28 in its "Apartment Management

Manual" to provide that a resident who needs to transfer to a different unit because of a disability (or "handicap," as defined by the Fair Housing Act) may do so without paying a transfer fee, without forfeiting any existing concessions and at the same monthly rental rate he or she is currently paying (or was offered as a renewal rate), assuming the transfer is to a unit that is comparable in size and amenities, that the tenant has given reasonable notice, and that the reason for the transfer is directly related to the disability. Defendant RAM Partners agrees to amend its policy regarding "Leasing Guidelines" on Page 4 of its "Apartment Management Manual" to reflect that "what rules exist for one *must be the same for all"* except in appropriate cases where a person with a disability needs a reasonable accommodation that is related to their disability.

**SECTION II**
**EDUCATIONAL PROGRAM**

IT IS FURTHER ORDERED that Defendant RAM shall educate its employees responsible for supervision and on-site management of the apartments managed by RAM in the Middle District of Tennessee during the next three (3) years as to the requirements, spirit and purpose of the Fair Housing Act. The terms of this educational program are as follows:

1.  All employees of RAM responsible for apartments in the Middle District of Tennessee, including those whose job duties include the rental, leasing, selling or showing of apartments, and the supervisor of such employees shall attend a training session in fair housing at least once per year for each of the three (3) years following entry of this Consent Order. These training sessions are to be conducted at the expense of the Defendant RAM. Attendance at these sessions by such persons shall be made a necessary condition of their employment or representation and the program shall include

but not be limited to: (1) instruction on the requirements of all applicable fair housing laws, including the Fair Housing Act of 1968, as amended; (2) a review of the defendant's non-discrimination policies, and of the specific requirements of this Order; (3) instruction on what conduct is prohibited as discrimination on the basis of handicap under the Fair Housing Act, and (4) a question-and-answer session for purposes of reviewing these subject areas.

2. Each training session shall be at least four (4) hours in length, and will take place at a location, date and time determined by Defendant. The Tennessee Fair Housing Council will be given thirty (30) days notice of the date and place of such training. A copy of the training materials and a list containing the names of all employees who attend each training session shall be provided to the Tennessee Fair Housing Council or its designee within fifteen (15) days of the completion of each session.

## SECTION III
## MONETARY SETTLEMENT: DAMAGES

It is FURTHER ORDERED that Defendant RAM shall pay a total of seventy thousand dollars ($70,000) to the Plaintiff in settlement of her claims for damages. Payment shall be made by check made jointly payable to the Tennessee Fair Housing Council and the Plaintiff and delivered to the Tennessee Fair Housing Council within twenty (20) calendar days of the effective date of this Order or the execution of the Release attached hereto as Exhibit A by Plaintiff, whichever is later.

## SECTION IV
## DISPUTE RESOLUTION PROCEDURES

Plaintiff and the defendants recognize that questions may arise as to whether the defendant RAM is fulfilling its obligations as set forth herein. In the spirit of common

purpose and cooperation which occasioned this Consent Order, the parties agree to try to resolve such disputes informally before applying to the Court for resolution of any issue.

## SECTION V

Each party shall bear their own costs.

EXHIBIT A:  Release

EXHIBIT B: Agreed Order of Dismissal with Prejudice

**IT IS SO ORDERED.**

Signed 10/27/10

_____
**ALETA A. TRAUGER,
United States District Judge**

**APPROVED FOR ENTRY:**


  /s/ Josette Chambers
Josette Chambers (BPR #28788)


  /s/ Tracey McCartney
Tracey McCartney (BPR #019827)
**Tennessee Fair Housing Council**
107 Music City Circle, Suite 318
Nashville, TN  37214
(615) 874-2344
(615) 874-1636
*Attorneys for Plaintiff PATRICIA KOSLOSKI*

  /s/ M. Clark Spoden
M. Clark Spoden (BPR No. 7364)
Frost Brown Todd, LLC
424 Church Street, Suite 1600
Nashville, TN  37219
(615) 251-5550
*Attorneys for Defendants ALARA Franklin
Corp. and RAM Partners, LLC*